UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY L. BROWN,<br><br>            Petitioner,<br><br>      v.<br><br>BRYAN D. PHILLIPS, ET AL.,<br><br>            Respondent. | Case No.   1:23-cv-00629-JLT-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 13) |

Petitioner Percy L. Brown ("Petitioner"), a state prisoner, is proceeding pro se on his First Amended Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 on June 12, 2023. (Doc. No. 9, "Petition" or "First Amended Petition"). In response, Respondent filed a Motion to Dismiss on August 9, 2023. (Doc. No. 13). Petitioner did not file an opposition to the Motion to Dismiss and the time to do so has expired. (*See* Doc. No. 10, order directing Respondent to file a response and advising Petitioner that he had 21 days to file an opposition to a motion to dismiss). For the reasons set forth below, the undersigned recommends the district court grant Respondent's Motion to Dismiss and dismiss the First Amended Petition because it does not challenge the fact of length of Petitioner's confinement.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

# I.  BACKGROUND

Petitioner is serving an indeterminate 17-year to life sentence in the California Substance Abuse Treatment Facility at Corcoran State Prison for his 2015 conviction for second degree murder, vehicular manslaughter with gross negligence, and failure to stop at the scene of an accident resulting in death or injury.  (*See* Doc. No. 9 at 1).  According to the First Amended Petition, on August 2, 2021, a "Counseling Only" Rules Violation Report ("RVR") was issued to Petitioner for disobeying an order to return to his assigned section.  (Doc. No. 9 at 18).  A copy of the RVR attached to the Petition indicates that Petitioner was given a verbal counseling for disobeying orders, after which he became aggressive and was escorted out of the building.  (*Id*.). Petitioner claims he was leaning on his walking cane for five minutes because he was in pain and correctional officers refused to allow him in his "section," he was handed mail by another inmate who asked him to place the slip in the box next to the entrance, and when Petitioner complied with that request an argument ensued between Petitioner and a correctional officer.  (*Id*. at 7-8).

Petitioner raises the following claims in his First Amended Petition: (1) "retaliation to free speech for disability discrimination and denial of direct evidence video"; and (2) violation of Petitioner's due process rights "effect[ing] eligibility for parole."  (*Id*. at 4, 12-15).  As relief, Petitioner asks the Court to vacate and expunge the Counseling Only RVR dated August 2, 2021. (*Id*. at 15).  In response, Respondent moves to dismiss the Petition for lack of federal habeas jurisdiction.  (Doc. No. 13).  Specifically, Respondent argues that success on the Petition would not affect the duration of Petitioner's confinement.  (*Id*. at 2).   As noted *supra*, Petitioner did not file a response to the motion to dismiss, nor request an extension of time to respond, and the time for doing so has expired.

# II.  APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent."  A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to

2

dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

"The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the claim. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). In contrast, if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," he may assert his claim only under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). In *Nettles*, the Ninth Circuit, in analyzing Supreme Court precedent distinguishing relief available via § 1983 or habeas corpus, concluded if a state prisoner's claim does not lie at "the core of habeas corpus," meaning where success on a claim would not necessarily lead to an immediate or speedier release, then the claim "may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." *Id*. at 931 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); 93 S. Ct. 1827 (1973); *Skinner v. Switzer*, 562 U.S. 523, 535 (2011).

**1. Claim not Cognizable Under *Nettles***

Initially, Petitioner does not assert that he lost any good time credits as a result of the RVR. (*See* Doc. No. 9). As noted by Respondent, a Counseling RVR does not result in the loss of credits. (Doc. No. 13 at 2-3 (citing Cal. Code Regs. tit. 15, § 3312) (Counseling Only RVR issued when "minor misconduct recurs after verbal counseling or if documentation of minor misconduct is needed.")). Significant here is that Petitioner is serving an indeterminate life sentence with the possibility of parole. Thus, even if the Counseling Only RVR was to be expunged from Petitioner's record as he requests, it would not necessarily lead to a grant of parole because under California law the parole board must consider all relevant reliable information in determining suitability for parole, and "has the authority to deny parole on the

basis of any grounds presently available to it." *Nettles*, 830 F.3d at 935 (citing *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003)). Because success on neither of Petitioner's claims would not necessarily lead to his immediate or earlier release from confinement, they do not fall within "the core of habeas corpus," and are not cognizable in federal habeas corpus. *See id.*; *see also Martinez v. Sec'y of Cal. Dep't of Corr. & Rehab.*, 2022 WL 3129136, at *1 (E.D. Cal. July 26, 2022) (finding petitioner's claim based on issuance of a counseling only RVR did not result in credit loss and was therefore not cognizable in federal habeas corpus).

### 2. Conversion to § 1983 Civil Rights Action

Although on the preapproved § 2254 form, Petitioner does not challenge either the fact or length of his confinement. *See Badea v. Cox*, 931 F. 2d 573, 574 (9th Cir. 1991) (noting purpose of habeas is to challenge "legality or duration" of a petitioner's incarceration, quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)). Instead, the Petition alleges civil rights violations, specially a First Amendment violation and Fourteenth Amendment violation, which are properly challenged in a civil rights action under 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 499. While the court has discretion to construe a habeas petition as a civil rights action under § 1983, such recharacterization is appropriate only if it is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." *Nettles*, 830 F.3d at 936 (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)).

The undersigned does not recommend recharacterization in this case. Petitioner does not seek monetary damages; rather, as discussed *supra*, the only remedy sought is expungement of the Counseling Only RVR due to its presumed effect on Petitioner's eligibility for parole. Moreover, automatic conversion is improper due to the discrepancy in filing fees. In granting Petitioner *in forma pauperis* status, the Court waived the $5.00 filing fee for a habeas corpus action, as opposed to the $350.00 filing fee that is payable over time and applicable to prisoners prosecuting a civil rights action. In addition, if a civil rights complaint is dismissed as malicious, frivolous, or for failure to state a claim upon which relief can be granted, that dismissal can count as a "strike" against the prisoner plaintiff under 28 U.S.C. § 1915(g), which could impair Plaintiff's ability to bring civil rights claims in the future. Due to these differences and the

disadvantages that recharacterization may have on Petitioner's claims, the undersigned finds that it would be inappropriate automatically to convert the habeas petition as a civil rights complaint under 42 U.S.C. § 1983.  This conclusion, however, does not preclude Petitioner from pursuing his claims in a properly filed civil action pursuant to § 1983 should he so choose.

Accordingly, the undersigned recommends the Petition be dismissed for lack of federal habeas jurisdiction.

### III. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order.  *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  To appeal, a prisoner must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id*.  Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further.  The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is **RECOMMENDED**:

1. Respondent's Motion to Dismiss (Doc. No. 13) be **GRANTED**.
2. The First Amended Petition (Doc No. 9) be dismissed for lack of federal habeas jurisdiction.
3. Petitioner be denied a certificate of appealability.

4. The Clerk of Court be directed to send Petitioner a blank civil rights complaint form.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     November 1, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE