1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

11  PERCY L. BROWN,                              ) Case No.:  1:23-cv-0629 JLT HBK (HC)
                                                )
12                    Petitioner,               ) ORDER ADOPTING THE FINDINGS AND
                                                ) RECOMMENDATIONS, GRANTING
13          v.                                  ) RESPONDENT'S MOTION TO DISMISS, AND
                                                ) DENYING FIRST AMENDED PETITION FOR
14  BRYAN D. PHILLIPS, ET AL.,                  ) WRIT OF HABEAS CORPUS, DIRECTING
                                                ) CLERK OF COURT TO CLOSE CASE, AND
15                    Respondent.               ) DECLINING TO ISSUE CERTIFICATE OF
                                                ) APPEALABILITY
16                                              )
                                                ) (Docs. 9, 13, 14)
17                                              )

18         Percy L. Brown is a state prisoner proceeding *pro se* with his petition for writ of habeas

19  corpus pursuant to 28 U.S.C. § 2254.  (Doc. 9.)  Respondent moved to dismiss the First Amended

20  Petition, asserting Petitioner did not raise any claims that would entitle him to federal habeas

21  corpus relief.  (Doc. 13.)  The matter was referred to a United States Magistrate Judge pursuant to

22  28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

23         The assigned magistrate judge found the claims for retaliation and due process claims

24  raised by Petitioner "are not cognizable in federal habeas corpus," because success on the claims

25  "would not necessarily lead to his immediate or earlier release from confinement."  (Doc. 14 at 3-

26  4, quoting *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016).)  Rather, the magistrate judge

27  found the claims would properly be raised in a civil rights action pursuant to 42 U.S.C. § 1983.

28  (*Id.* at 4.)  However, the magistrate judge found it was not appropriate to convert the habeas

1

1   petition to a civil rights complaint.  (*Id.* at 4-5.)  Therefore, the magistrate judge recommended

2   the First Amended Petition be dismissed for lack of habeas jurisdiction and a certification of

3   appealability be denied.  (*Id.* at 5.)

4      The Court served the Findings and Recommendations on all parties and notified them that

5   any objections were due within 14 days.  (Doc. 14 at 6.) The Court also informed Petitioner that

6   the "failure to file objections within the specified time may result in the waiver of rights on

7   appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  No objections

8   were filed by either party, and the deadline to so expired.

9      According to 28 U.S.C. § 636 (b)(1)(C), the Court performed a *de novo* review of the

10   case.  Having carefully reviewed the entire file, the Court concludes that the magistrate judge's

11   Findings and Recommendations are supported by the record and proper analysis.

12      Having determined that Petitioner is not entitled to habeas relief, the Court now turns to

13   whether a certificate of appealability should issue.  The federal rules governing habeas cases

14   brought by state prisoners require a court issuing an order denying a habeas petition to either

15   grant or deny a certificate of appealability.  *See* Rules Governing § 2254 Case, Rule 11(a).  A

16   prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal; rather an appeal is

17   only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see*

18   *also* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a

19   certificate of appealability).  A judge shall grant a certificate of appealability "only if the

20   applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C.

21   § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, 28 U.S.C.

22   § 2253(c)(3).  In the present case, the Court finds that reasonable jurists would not find the

23   rejection of Petitioner's claims to be debatable or conclude the petition should proceed further.

24   Based upon the foregoing, the Court **ORDERS**:

25      1.    The Findings and Recommendations issued on November 1, 2023 (Doc. 14) are

26          **ADOPTED** in full.

27      2.    Respondent's Motion to Dismiss (Doc. 13) is **GRANTED**.

28   ///

1      3.      The First Amended Petition for writ of habeas corpus (Doc. 9) is **DISMISSED**

2                 without prejudice to Petitioner filing a complaint under 42 U.S.C. § 1983.

3      4.      The Court declines to issue a certificate of appealability.

4      5.      The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:    **December 7, 2023**

UNITED STATES DISTRICT JUDGE

3